**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| BARBARA HOUSE | ) | |
| | ) | **Case Number** |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL COMPLAINT** |
| | ) | |
| | ) | |
| PATENAUDE & FELIX, APC | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **Defendant** | ) | |
| | ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Barbara House, by and through her undersigned counsel,

Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP,

complaining of Defendant, and respectfully avers as follows:

**I.   INTRODUCTORY STATEMENT**

1.      Plaintiff, Barbara House, is an adult natural person and brings this action for

actual and statutory damages and other relief against Defendant for violations of the Fair Debt

Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"),  which prohibits debt collectors

from engaging in abusive, deceptive and unfair practices.

**II.   JURISDICTION**

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §

1337.

3.      Venue in this District is proper in that the Defendant conducts business in this District and has a registered office in this District.

### III.  PARTIES

4.      Plaintiff, Barbara House, is an adult natural person residing at 501 Western Hills Drive, Rio Vista, CA 94571.

5.      Defendant, Patenaude & Felix, APC ("Defendant"), at all times relevant hereto, is a professional corporation engaged in the business of collecting debt within the state of California with an primary address at 213 East Main Street, Main Floor, Carnegie, PA 15106 and a registered office located at 208 W. State Street, Trenton, NJ 08608.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant regularly attempts to collect consumer debts alleged to be due to another.  Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  FACTUAL ALLEGATIONS

7.      On or about June 3, 2009, Plaintiff retained the services of Persels & Associates to aid her in the settling of her debts.  At that time Persels & Associates sent a cease and desist letter to the Defendant informing them of this fact and asking them to update their records to reflect Persels & Associates as their sole contact.  **See Exhibit "A" (letter) attached hereto.**

8.      On or about December 7, 2009, Plaintiff received a call from an unknown agent of the Defendant in regards to a debt allegedly owed to Target in an amount exceeding $7,000.00.

9.      Defendant's agent insisted that the Plaintiff make payment arrangements of $357.00 a month for the next twenty-four (24) months.  Defendant told the Plaintiff that if she paid this amount each month they would not charge her interest and fees.

10.     Plaintiff explained to the Defendant that she could not afford to agree to those arrangements and that she had retained the law firm of Persels & Associates, to aid her in resolving her debt.  Plaintiff told the Defendant that they would need to contact Persels & Associates directly in regards to this matter.

11.     Defendant's agent told the Plaintiff that they would not work with Persels & Associates because that firm is a rip off and that they were not going to be able to help her with this debt.

12.     On this same call, Plaintiff was informed by the Defendant that Persels & Associates used "illegal practices" because they were taking money from her personal account and they were not going to pay her creditors.

13.     Plaintiff again demanded that the Defendant's agent contact her attorneys' about this debt.  Defendant's agent then indicated that the Plaintiff had broken the law because it was illegal to sign a contract with Persels & Associates, after having already had a signed contract with Target.

14.     Defendant insisted that the Plaintiff demand her money back from Persels & Associates and reiterated again that they would not deal with a third party on this matter.

15.     Defendant continued on, stating to Plaintiff that Persels & Associates was not a reputable business and that she needed to agree to a settlement option that day.

16.     Plaintiff was told that she had to make a payment no later than December 22, 2009, because it had to be locked in by the end of the year "or else". Defendant's agent told the Plaintiff that if they did not have a payment before year's end they would be filing legal documents against her.

17.     Defendant's agent again stated that if the Plaintiff failed to lock into a settlement option immediately they would be taking her to court.

18.     The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

19.     At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

20.     At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

21.     As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I – FDCPA

22.     The above paragraphs are hereby incorporated herein by reference.

23.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692c(a)(2): | After it knows the consumer to be represented by an attorney unless attorney consents or is unresponsive |
| §§ 1692c(c): | After written notification that consumer refuses to pay debt or that consumer wants collector to cease communication |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692d(6): | Placed telephone calls without disclosing his/her identity |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount or legal status of the alleged debt |
| §§ 1692e(5): | Threaten to take any action that cannot be legally taken or that is not intended to be taken |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |

§§ 1692e(11): Communication fail to contain the mini-Miranda warning: "This is an attempt to collect a debt…communication from a debt collector".

§§ 1692f: Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Patenaude & Felix, APC for the following:

a. Declaratory judgment that Defendant's conduct violated the FDCPA and declaratory and injunctive relief for the Defendant's violations of the state Act;

b. Actual damages;

c. Statutory damages pursuant to 15 U.S.C. § 1692k;

d. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

e. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date:  **December 30, 2009**       BY: _/s/ Bruce K. Warren_
Bruce K. Warren, Esquire


BY: _/s/ Brent F. Vullings_
Brent F. Vullings, Esquire

Warren & Vullings, LLP
1603 Rhawn Street
Philadelphia, PA  19111
215-745-9800    Fax 215-745-7880
Attorney's for Plaintiff